# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GRAVES,<br><br>    Plaintiff,<br><br>v.<br><br>DEP'T OF MENTAL HEALTH,<br><br>    Defendant. | Case No. 1:18-cv-01444-DAD-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 11) |

Plaintiff Arthur Graves ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened.

Currently before the Court is Plaintiff's request for appointment of a federal defender or an investigator, filed December 10, 2018. (ECF No. 11.) Plaintiff provides no explanation or argument to support his request. The Court construes the request as a motion to appoint counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not been screened. Thus, the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 11) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **December 13, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE