# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GRAVES., <br><br> Plaintiff, <br><br> v. <br><br> FRESNO COUNTY MENTAL HEALTH, et al., <br><br> Defendants. | Case No. 1:18-cv-01444-DAD-BAM (PC) <br><br> FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM <br><br> (ECF No. 15) <br><br> **FOURTEEN-DAY DEADLINE** |

Plaintiff Arthur Graves ("Plaintiff") is a former county jail inmate proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On May 1, 2019, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 14.) Plaintiff's first amended complaint, filed on May 10, 2019, is currently before the Court for screening. (ECF No. 15.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations in Amended Complaint**

Plaintiff is currently housed at Napa State Hospital. Although unclear, the events in the complaint are alleged to have occurred both prior to and while Plaintiff was detained in the Fresno County Jail. The Court presumes that Plaintiff was a pretrial detainee during the events at issue. Plaintiff names the following defendants: (1) Fresno County; (2) John Prestridge, Owner of American Representative Payee ("ARP"); and (3) Fresno Police Officer Franks.

Plaintiff asserts a denial of his due process rights, claiming that unidentified defendants "failed to read me rights upon [interrogation and] at time of arrest filing false police report to police." (ECF No. 1 at 3.) He alleges as follows:

> In 2009-early 2010 Social Security was notified that ARP was stealing fundes from Plaintiff. Social Security investigated ARP + ANKA Behavioral Health spicificly John Prestridge. On May 14, 2018 I "Plaintiff" went inside ARP told Mr. Prestridge I was the one who had him investagated He called me a mother FKR the day after Mothers Day. Ran back to his office, I left to my vehical "Jeep" He came out into the parking lot w/ an stun gun in fear of my safty I told him I had a permite to carry and lifted my hatch back not having a fire arm I closed it got into my vehical than and unknown wittness gave him my licence plate # before I drove off. He called Police and Officer Franks volinteered to take an statement, He wanted to violate my parol for a period (month) of time. The judge in my case said I didnt have many rights Dept. 31

(ECF No. 15 at 3-4) (unedited text). As relief, Plaintiff requests that his freedom be reinstated, and monetary damages be awarded.

2

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557. As with his original complaint, Plaintiff's amended complaint is short, but it is not a plain statement of his claims. The single claim in this action does not contain sufficient factual matter to state a claim for relief that is plausible on its face. Although Plaintiff was provided with the relevant pleading standard, he has been unable to cure this deficiency.

#### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's complaint fails to link Fresno County to his allegations. Plaintiff also fails to sufficiently link either Officer Franks or John Prestridge to a violation of Plaintiff's constitutional rights. Despite being provide with the relevant pleading standard, Plaintiff has been unable to cure linkage

deficiencies in his amended complaint.

### C. Defendant John Prestridge

Plaintiff's amended complaint improperly names a private individual as a defendant. To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Private individuals and entities do not act under color of state law. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); see also Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in joint action with the State or its agents.") (citation and quotation marks omitted). "The United States Constitution protects individual rights only from *government* action, not from *private* action." Single Moms, Inc. v. Mont. Power Co., 331 F.3d 743, 746–47 (9th Cir. 2003) (emphasis in original). The amended complaint alleges no facts demonstrating that Mr. Prestridge was acting under color of state authority.

### D. Falsified Charges/False Arrest

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." Dubner v. City & Cty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under § 1983 for false arrest and imprisonment, however, a plaintiff must allege facts "to demonstrate that there was no probable cause to arrest him." See Cabrera v. City of Huntingdon Park, 159 F.3d 374, 380 (9th Cir. 1998) (citing George v. City of Long Beach, 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991) (quoting United States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986)). Here, Plaintiff appears to allege generally that there was no probable cause for his arrest. However, general, conclusory allegations are not sufficient to state a claim. Plaintiff's complaint fails to allege facts to support a lack of probable

cause for his arrest. Plaintiff has been unable to cure this deficiency.

**E.     Habeas Action**

To the extent Plaintiff is attempting to challenge his conviction or the validity of his incarceration, the exclusive method for asserting that challenge is by filing a petition for a writ of habeas corpus. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).

**IV.    Conclusion and Recommendation**

Plaintiff's amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 15, 2019**              /s/ Barbara A. McAuliffe            
                                                  UNITED STATES MAGISTRATE JUDGE