# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GRAVES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPT. OF MENTAL HEALTH,<br><br>　　　　Defendant. | Case No. 1:18-cv-01444-DAD-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 19) |

Plaintiff Arthur Graves ("Plaintiff") is a former county jail inmate who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 15, 2019, the undersigned screened Plaintiff's first amended complaint and issued findings and recommendations recommending that this action be dismissed due to Plaintiff's failure to state a claim upon which relief may be granted. (ECF No. 16.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service. (Id. at 5.) After no objections were received, on July 16, 2019, the assigned District Judge conducted a *de novo* review of the case and adopted the findings and recommendations in full. (ECF No. 17.) Judgment was entered accordingly the same date and this action was closed. (ECF No. 18.)

Currently before the Court is Plaintiff's request for the Court to appoint a federal defender in this case, filed July 19, 2019. (ECF No. 19.) The Court construes the request as a motion for appointment of counsel. Plaintiff has not provided any argument in support of his motion.

1

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>rev'd in part on other grounds</u>, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. U.S. Dist. Court for the S. Dist. of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Most importantly, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. This action was dismissed due to Plaintiff's failure to state a cognizable claim for relief, and Plaintiff has provided no argument as to why the action should be reopened.

For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 19) is DENIED. This action remains closed.
IT IS SO ORDERED.

Dated: **July 23, 2019**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE